IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| DESIREE C. SKINNER : | |
| : | C.A. NO.: 1:05cv-00689 |
| v. : | |
| : | |
| JACK M. ALLEN, SATTERFIELD : | |
| TRUCKING CORPORATION and : | |
| PACCAR FINANCIAL CORP., : | |

## ANSWER

Defendants, Jack Allen and Satterfield Trucking Corporation (Satterfield), by and through its attorneys, Rawle and Henderson, LLP, respectfully answers plaintiff's complaint as follows:

1.      Admitted in part and denied in part. It is admitted that defendant, Jack Allen was driving a tractor trailer win the furtherance of the business of Satterfield. It is admitted that defendant Jack Allen was driving north across the Delaware Memorial Bridge on May 21, 2003 and that there was a collision. After reasonable investigation, the answering defendants are without sufficient information to admit or deny the truth of the averments contained therein. To the extent that an answer is required, and not in derogation of the foregoing, the allegations contained in this paragraph constitute conclusions of law to which no response is required. By way of further answer it is specifically denied that defendant, Jack Allen was acting as the agent, servant of PACCAR Financial Corp. Additionally, all allegations of negligence and resulting injuries are denied.

2.(a-e)    Denied. The allegations contained in this paragraph and its subparts constitute conclusions of law to which no response is required. It is specifically denied that defendant, Jack Allen was negligent. Strict proof of same will be required at the time of trial.

1

3. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. It is specifically denied that defendant, Jack Allen was negligent. Strict proof of same will be required at the time of trial. By way of further answer and not in derogation of the foregoing, it is admitted that on the date of accident, defendant, Jack Allen was driving the tractor trailer in furtherance of the business of Satterfield.

4. Denied. After reasonable investigation the answering defendants are without sufficient information to admit or deny the truth of the averments contained therein. Strict proof will be required at the time of trial.

WHEREFORE, the defendants Jack Allen and Satterfield Trucking Corporation respectfully request judgment be entered in their favor and against the plaintiff together with costs, interest and any other such relief as the court deems just and equitable.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Upon information and belief, the injuries and/or damages alleged by plaintiff, if any, were caused solely or in part by the negligence of plaintiff, or third parties over whom defendants had no responsibility.

### THIRD SEPARATE DEFENSE

If the event alleged in the Complaint occurred as alleged by plaintiff, which is denied, it was in no way caused by an act or omission on the part of defendants.

### FOURTH SEPARATE DEFENSE

No conduct on the part of defendants contributed to plaintiff's alleged injuries and/or

damages.

FIFTH SEPARATE DEFENSE

Damages allegedly sustained by the plaintiff, if any, were entirely or substantially caused by the negligence of plaintiff, including contributory negligence, comparative negligence, assumption of the risk and/or the negligence of other parties or persons for whom defendants have no responsibility, and not by the culpable conduct or negligence of the defendant.

SIXTH SEPARATE DEFENSE

Defendants claim all defenses available to her under the provisions of the applicable No-Fault statute.

SEVENTH SEPARATE DEFENSE

Upon information and belief, the injuries and/or damages complained of by plaintiff pre-existed or were sustained after the accident which is the subject matter of the Complaint.

EIGHTH SEPARATE DEFENSE

This Honorable Court lacks personal jurisdiction over defendants.

NINTH SEPARATE DEFENSE

Plaintiff failed to mitigate her damages.

TENTH SEPARATE DEFENSE

Any alleged occurrence complained of by plaintiff, said occurrence being specifically denied by defendants, was the result of an unavoidable accident or sudden emergency.

WHEREFORE, defendants, Jack Allen and Satterfield Trucking Corporation demand that the Complaint be dismissed, and that judgment be rendered in its favor and against plaintiff,

together with costs, fees, and such other and further relief as may be appropriate.

                    RAWLE & HENDERSON, LLP

              By:   /s/ Delia A. Clark
                  Delia A. Clark (DAC 3337)
                  Attorneys for Defendants
                  300 Delaware Avenue, Suite 1015
                  Wilmington, DE  19801
                  (302) 778-1200

1194469 v.1

**CERTIFICATE OF SERVICE**

    It is hereby certified that a true and correct copy of the within-captioned Answer was served via first-class mail, postage prepaid, on counsel for plaintiffs listed below:

Matthew M. Bartkowski, Esq.<br>
Kimmel, Carter, Roman & Peltz, P.A.<br>
200 Biddle Avenue, Ste 101<br>
PO Box 1070<br>
Bear, DE 19701<br>
<br>
Paccar Financial Group<br>
100 Crescent Center Parkway<br>
Tucker, GA 30081

RAWLE & HENDERSON, LLP

By:    /s/ Delia A. Clark
      Delia A. Clark
      Attorneys for Defendants
      300 Delaware Avenue, Suite 1015
      Wilmington, DE 19801
      (302) 778-1200

Dated: September 28, 2005

1194469 v.1